UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL VASQUEZ,

      Plaintiff,

v.

CITY OF NEW YORK et al.,

      Defendants.

10 Civ. 6277 (LBS)

**MEMORANDUM &
ORDER**

SAND, J.

  Plaintiff, Israel Vasquez, seeks leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to add additional facts in support of his claims against Defendants the City of New York and individual police officers Michael Donnelly, Thomas Aiello, and Annabella Nieves. Plaintiff also seeks leave to amend the complaint to include information about an alleged *Brady* violation. For the reasons provided below the motion to amend is granted.

**I. Discussion**

  On February 26, 1996, Plaintiff was convicted after a jury trial in the New York Supreme Court, Bronx County, of the murder of Denise Raymond, who was killed on January 17, 1995. Plaintiff appealed his conviction and on August 23, 2007, the Appellate Division, First Department, unanimously vacated the conviction and dismissed the indictment in its entirety. Plaintiff now seeks monetary damages for the malicious prosecution and wrongful conviction and imprisonment that resulted, he alleges, from Defendants' violation of his Fourteenth and Fourth Amendment rights.

  Plaintiff originally filed his complaint on August 20, 2010. He now seeks leave to amend it in order to include new information about an alleged *Brady* violation involving a videotape

1

that he alleges Defendant Aiello wrongfully concealed during the New York state murder trial. He also wishes to amend the complaint to include additional factual allegations relating to the prosecution against him.

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Defendants argue that their discovery will be prejudiced by the new obligations that the amended complaint will impose on them.  Specifically, Defendants argue that they will suffer prejudice because they will be forced to respond to the expanded allegations in the amended complaint concerning Plaintiff's co-defendant Charles McKinnon, who is now deceased, and whom Defendants cannot therefore depose. Defendants also argue that they will suffer prejudice because the new factual allegations, which include more detail about a second murder for which Plaintiff was originally arrested but never convicted, will require them to place more importance upon the testimony of an eye witness to the second murder, one Miriam Tavares, and more generally, will require them to provide discovery regarding the investigation and prosecution of a murder other than the one for which Plaintiff was convicted.  Finally, Defendants argue that the amended complaint will prejudice their discovery by forcing them to provide information about a videotape that they allege is missing and which they cannot therefore provide or review, and by forcing them as a result to locate a witness who was not identified in the original complaint, to testify as to what was contained on the missing videotape.

We do not find that any of the difficulties to which Defendants point constitute the kind of prejudice that would require us to deny Plaintiff's motion for leave to amend.  To determine whether a party will be prejudiced by a proposed amended pleading, courts consider whether the amendments will "(i) require the opponent to expend significant additional resources to conduct

discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Neither side suggests that the amendments will prevent the plaintiff, or anyone else for that matter, from bringing a timely action elsewhere. Nor do we find that the amendment will significantly delay resolution of the dispute. Defendants claim that, because discovery is set to close in about a month, allowing the amendments to the complaint will force them to essentially restart discovery. This might be persuasive were Defendants able to show that they had completed most of their discovery. However, our understanding is that Defendants have not even begun to take depositions. *See* Pl.s' Mem. Supp. Mot. Leave Amend Compl. 7. In this context, any claims of undue delay have no merit.

Nor will the amendments require the expenditure of any significant additional resources. With respect to Defendants' argument concerning Mr. McKinnon, we fail to see how the burdens imposed on Defendants' discovery by the fact that he is deceased are related to, or even exacerbated by, the proposed amendment. As a co-defendant in the underlying murder, Mr. McKinnon would, surely, even absent the amendments, be an important figure in Plaintiff's case. The problems Defendants face dealing with the issues raised by his death were therefore problems they faced from the beginning of the litigation.

Similarly, with respect to Ms. Tavares, we fail to see why the greater emphasis placed on her role in the underlying events by Plaintiff's proposed amendments should impose any burden on Defendants. Ms. Tavares was, as Defendants acknowledge, someone whom they previously planned on interviewing in connection with this litigation but who has not yet been deposed. At most, therefore, the proposed amendments will require Defendants to ask Ms. Tavares additional

questions during her deposition. This is not the kind of undue burden that justifies denying a motion for leave to amend.

Nor is Plaintiff's delay, as Defendants claim, "inexcusable." Defs.' Mem. Opp. Pl.'s Mot. Leave File Amended Compl. 23. As Plaintiff alleges, information about the alleged *Brady* violation only came to light in February 2012, after McKinnon's trial records were unsealed. Pl.s' Mem. Supp. Mot. Leave File Amended Compl. 2–3. Furthermore, "[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

We therefore find no merit in Defendants' arguments opposing Plaintiff's motion for leave to file an amended complaint.

## II. Conclusion

For the reasons provided in the foregoing opinion, Plaintiff's motion for leave to amend the complaint is GRANTED.[1] Plaintiff has thirty days from the date of this Order to file an amended complaint with the Court.

SO ORDERED.

Dated: August /4 2012
New York, NY

_____
U.S.D.J.

---

[1] The Court has considered all of the parties' other arguments and found them to be moot or without merit.