```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/06/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSENIA VAZQUEZ, *as Administrator of the Estate of Israel Vasquez*,

                       Plaintiff,

       -v-

CITY OF NEW YORK et al.,

                       Defendants.

10 Civ. 6277 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      On March 26, 2013, Plaintiff applied to this Court for an order unsealing the state court grand jury minutes relating to the 1995 grand jury proceedings against Israel Vasquez.[1] On comity grounds, the Court denied Plaintiff's application without prejudice to renewing it after seeking appropriate relief in state court. (*See* Order, Mar. 28, 2013, Docket No. 81). On April 24, 2013, following oral argument, the state court denied Plaintiff's application, holding that her application was not "particularized or compelling in the circumstances of this case as to any of the witnesses." (Jain Decl. Ex. A, at 31:2-16, Docket No. 99). Plaintiff now asks this Court to unseal the transcripts of the grand jury testimony of three witnesses, Miriam Tavares, Cathy Watkins, and Cathy Gomez, transcripts that Plaintiff apparently already has. (*See* Pl.'s Mem. Law 3 n.3, Docket No. 100). Defendants take no position on the request (*see* Letter, May 17, 2013, Docket No. 105), but the Bronx County District Attorney's Office has submitted a letter to the Court opposing the request on the grounds of comity to the state court or, in the alternative, suggesting that the Court defer ruling on the request in light of an ongoing investigation (*see*

---

[1] The parties have captioned their papers *Vazquez v. Donnelly*, presumably because this Court previously dismissed all claims against the City of New York. In this District, however, "the Clerk of Court retains the original caption on a docket sheet, even when the original party is dismissed from the action." *Youngbloods v. BMG Music*, No. 07 Civ. 2394 (GBD) (KNF), 2011 WL 70571, at *1 n.4 (S.D.N.Y. Jan. 6, 2011). Accordingly, the parties are instructed to include the original caption in all future filings.

Letter, May 17, 2013, Docket No. 106). Plaintiff's motion is GRANTED.

## DISCUSSION

Although the state court denied Plaintiff's request for the grand jury minutes, there is no dispute that this Court has independent authority to unseal the minutes as a matter of federal law. *See, e.g.*, *Frederick v. New York City*, No. 11 Civ. 469 (JPO), 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012) (noting that, when "a state court denies access to grand jury transcripts, 'the burden falls on this Court to make an independent determination of whether the grand jury transcripts should be released'") (quoting *Palmer v. Estate of Stuart*, No. 02 Civ. 4076 (LTS) (GWG), 2004 WL 2429806, at *2 (S.D.N.Y. Nov. 1, 2004)). Under federal law, "[t]he presumption of secrecy and closure that applies to grand jury proceedings can be rebutted by a showing of particularized need outweighing the need for secrecy." *United States v. Laster*, 313 F. App'x 369, 371 (2d Cir. 2009) (summary order) (citing *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996)). "A party makes a showing of particularized need by proving 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *In re Grand Jury Subpoena*, 103 F.3d at 239 (quoting *Douglas Oil Co. of Ca. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

Plaintiff has made that showing here. First, given the nature of her claims here, Plaintiff has shown that she needs the requested materials to avoid a possible injustice. In malicious prosecution cases, such as this one, "courts have . . . recognized an interest in avoiding 'possible injustice' under *Douglas Oil* where plaintiffs adduce facts that strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true." *Frederick*, 2012 WL 4947806, at *9-10. That is the case here, as Plaintiff has alleged facts that, if ultimately proved true, would constitute misconduct and rebut the presumption of probable cause. (*See* Tr. 10:4-17, Jan. 2, 2013,

Docket No. 73) (denying Defendants' motion to dismiss on the ground that Plaintiff had stated a plausible claim to overcome the presumption of probable cause)).  In her motion to unseal the grand jury minutes, Plaintiff argues — as her husband did in opposing Defendants' motion to dismiss — that Defendants engaged in unconstitutional witness tampering that vitiates the presumption of probable cause.  (*See* Pl.'s Mem. 6-8).  Plaintiff demonstrates that she needs the grand jury minutes of Tavares, Gomez, and Watkins to support that argument as their testimony was critical to probable cause.

Further, Plaintiff has demonstrated that she cannot obtain — or, more to the point, use — the relevant information without obtaining the grand jury minutes.  That is clearest with respect to the testimony of Gomez and Tavares, as Gomez has testified that she does not recall what was said at the grand jury and Tavares is deceased.  (*See* Pl.'s Mem. 6-9).  *See also Frederick*, 2012 WL 4947806, at *9 (noting that a plaintiff alleging wrongful prosecution demonstrates need for grand jury minutes where he or she cannot "access witnesses [or] where witnesses [cannot] accurately recall their testimony").  There is no similar record of need with respect to Watkins, but the likelihood that she would remember her grand jury testimony from nearly twenty years ago is virtually nonexistent.  *See, e.g.*, *Palmer*, 2004 WL 2429806, at *3 (holding it "highly unlikely" that witnesses could remember their grand jury testimony a mere five years later).  And while Plaintiff is apparently already in possession of the grand jury minutes of these witnesses — a representation that neither Defendants nor the Bronx County District Attorney's Office disputes — it is not clear whether she could lawfully use those minutes in these proceedings absent an order for unsealing.  (*See* Endorsed Letter, Apr. 1, 2013, Docket No. 82).

Turning to the second factor, Plaintiff has demonstrated that the need for disclosure is greater than the need for continued secrecy.  To be sure, "[t]he critically important secrecy of grand jury proceedings weighs heavily against any request to unseal grand jury records." *Frederick*, 2012 WL 4947806, at *12 (citing *Rehberg v. Paulk*, 132 S. Ct. 1497, 1509 (2012)).  But where, as here, the

underlying trial is long over and the target of the grand jury investigation is suing for malicious prosecution, the only policy concern motivating secrecy is "a desire to '[t]o encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes.'" *Id.* at *13 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 n.6 (1958)). This interest standing alone is almost never sufficient to overcome a need for disclosure generated by the need to avoid a possible injustice. *See id.* ("Only in the most abstract and minimal sense might a prospective grand juror who learns of a decision to unseal [the witness's] grand jury minutes be moved to hide or shade testimony in a future criminal case."). It is even less compelling where, as in this case, the cat is already out of the bag in the sense that the grand jury transcripts are already in Plaintiff's possession.[2]

Finally, Plaintiff has shown that her request is structured to cover only material so needed, as she has narrowed her request to the transcripts of only three witnesses that she apparently already has. In these circumstances, the Court concludes that *in camera* review of the requested minutes, *see, e.g.*, *Frederick*, 2012 WL 4947806, at *14-15 — a review that neither the parties nor the Bronx County District Attorney's Office has requested — is unwarranted and would only serve to cause delay.

---

[2] As noted, the Bronx County District Attorney's Office asks the Court to defer ruling on Plaintiff's request in light of a pending investigation of the murders at issue (which was prompted by new evidence tending to show that at least one of the murders was committed by men unrelated to Vasquez and the others convicted). Although the existence of an ongoing investigation would normally weigh strongly in favor of keeping grand jury minutes secret, it does not here given how much time has passed since the murders; the low probability that the testimony of Gomez, Tavares, or Watkins would figure in any reprosecution for the murders at issue; and the stage of the proceedings in this case.

## CONCLUSION

For the reasons stated above, Plaintiff's request to unseal the grand jury minutes of Gomez, Tavares, and Watkins is GRANTED. Defendants and/or the Bronx County District Attorney's Office are ordered to disclose a copy of these minutes within fourteen days of this order.

The Clerk of Court is directed to close Docket Number 98.

SO ORDERED.

Dated: June 6, 2013
      New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge