RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D.
BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
O. ANDREW F. WILSON
KATHERINE ROSENFELD
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
VASUDHA TALLA
JENNIFER M. KEIGHLEY
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

April 8, 2014

**By ECF**

The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

>   Re:   *Vazquez v. The City of New York, et al.*, No. 10-CV-6277

Dear Judge Furman:

This firm, along with co-counsel Romano & Kuan, PLLC, represents Plaintiff Jessenia Vazquez in the above-referenced matter. We write to respond to Defendants' letter from yesterday enclosing Chief Judge Preska's decision granting summary judgment in *Bermudez v. City of New York*, No. 11 Civ. 759 (S.D.N.Y Mar. 25, 2014). Because the facts of that case bear no meaningful resemblance to those of this case, Plaintiff respectfully submits that the decision is not relevant to the Court's consideration of Defendants' motion for summary judgment.

In *Bermudez*, the police pursued a suspect based on identifications obtained through suggestive—and possibly coercive—procedures. *See id.*, slip op. at 5, 11-14. Relying on *Townes v. City of New York,* 176 F.3d 138 (2d Cir. 1999), and *Wray v. City of N.Y.*, 490 F.3d 189 (2d Cir. 2007)—cases Plaintiff already cited in opposition to Defendants' motion for summary judgment—Judge Preska held that the prosecutor "broke the chain of causation between the Officer Defendants and Plaintiff's conviction and incarceration" when he independently interviewed all of the witnesses and chose to present their testimony at the grand jury and trial, even though they had "divulged their doubts about Plaintiff's being the shooter" directly to the district attorney. *See id.* at 19 & n.11.

That divulgement is a key fact that distinguishes *Bermudez* from this case. As Judge Preska acknowledged, "[i]t is well established that the chain of causation will survive

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

where there is 'evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment.'" *Id.* at 20-21 (quoting *Townes*, 176 F.3d at 137); *see also* Pl. Opp. Mem., dkt. 157 at 37 (applying this principle to Plaintiff's contentions). While the prosecutor in *Bermudez* was aware of the police misconduct and proceeded anyway,[1] Defendants have presented no evidence that the assistant district attorneys who prosecuted Mr. Vasquez were aware that Defendants had told Cathy Gomez and Miriam Tavares to lie, had fed them non-public details to bolster their credibility, and had suppressed exculpatory video footage. To the contrary, the prosecution: (1) repeatedly emphasized that Ms. Gomez's and Ms. Tavares's testimony should be believed because it demonstrated inside knowledge of the crimes that could only have come from the perpetrators, suggesting a lack of knowledge on the part of the prosecutors that those details actually came from Defendants as Cathy Gomez has now credibly testified (*compare, e.g.*, Ex. 15 at V8775 *with* Ex. G at 232, 273-74, 383-85);[2] and (2) was deceived by Defendants into believing the Penn Plaza security footage lacked exculpatory value (*see* Ex. 16 at V1766, V1784, V1821-22).

In short, while in *Bermudez* there was "no evidence that the Officer Defendants misled or pressured [the prosecutor] into filing charges against Plaintiff," slip op. at 21, here the record is replete with such evidence. Plaintiff documented that evidence in depth in opposing Defendants' motion and need not belabor it here.

Respectfully submitted,

/s/

Earl S. Ward
Julia P. Kuan
Elizabeth S. Saylor
David A. Lebowitz

c.   Corporation Counsel (via ECF)

---

[1] *Bermudez* can be read to suggest that the prosecutor breaks the chain of causation simply by interviewing witnesses who have been coerced to lie by the police and then "independently" choosing to bring charges based on false information such witnesses relate, even without any knowledge on the part of the prosecutor concerning the police misconduct. To the extent *Bermudez* so holds, Plaintiff respectfully suggests to the Court that it is wrongly decided and should not be followed. "A prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced that decision." *Zahrey v. Coffey*, 221 F.3d 342, 352 (2d Cir. 2000) (internal alteration omitted) (quoting *Jones v. City of Chicago*, 856 F.2d 985. 994 (7th Cir. 1988)); *see also Robinson v. Maruffi,* 895 F.2d 649, 653, 655-56 (10th Cir. 1990) (subjecting a police officer who forced a witness to memorize a false story and mislead the prosecutor to § 1983 liability).

[2] Indeed, Defendants have never argued that the District Attorney's Office broke the causal link between Defendants' conduct and Mr. Vasquez's conviction by knowingly presenting false or problematic evidence. To the contrary, far from arguing that prosecutors were aware that Ms. Gomez might be testifying falsely and chose to put her on the stand anyway, Defendants submitted a declaration in support of their motion from ex-ADA Michael Korchak claiming that Ms. Gomez spontaneously "blurted out" in a meeting about the Diop case that she had knowledge of the Raymond murder. *See* Ex. U. ¶ 20-21. If Ms. Gomez's alleged epiphany was planned (and coerced) by Defendants, as a jury could conclude from her deposition testimony, Korchak would clearly have been "misled" within the meaning of *Townes*.