```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
JESSENIA VAZQUEZ, *as Administrator of the Estate of Israel Vasquez*,

                    Plaintiff,

                    -v-

CITY OF NEW YORK et al.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/02/2014

10 Civ. 6277 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

    By letter dated April 24, 2014, Defendants have moved for a modification of the protective order designating all video recordings, including but not limited to all videotaped depositions, and other items "confidential." (Docket No. 185). Upon due consideration of the parties' letters (Docket Nos. 185-86), and the cases cited therein, Defendants' motion is DENIED.

    Defendants are correct that the items (at least those that have not already been filed with the Court in connection with another motion) are not "judicial documents" subject to a presumption in favor of public access. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, *such as those passed between the parties in discovery*, lie entirely beyond the presumption's reach." (emphasis added)). But that does not entitle Defendants to a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, which requires a showing of "good cause." Fed. R. Civ. P. 26(c); *see, e.g.*, *Schiller v. City of New York*, No. 04 Civ. 7922 (KMK) (JCF) et al., 2007 WL 136149, at *2 & n.2 (S.D.N.Y. Jan. 19, 2007). That standard ordinarily requires a party to show "that disclosure will result in a clearly defined, specific and serious injury. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Schiller*, 2007 WL 136149, at *5 (internal quotation marks and citations omitted). In the absence of a protective order,

"'parties to a law suit may disseminate materials obtained during discovery as they see fit.'" *Id.* at *2 (quoting *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994)).

Applying those standards here, Defendants have not shown "good cause" to warrant modification of the protective order in view of, among other things, the public interest in the subject matter of this civil rights litigation, the extent and nature of what is already on the docket or in the public domain related to both the case and the parties, the extent and nature of the existing media coverage of the case, and the other means available to address any risks posed by pretrial publicity. *See, e.g.*, *Condit v. Dunne*, 225 F.R.D. 113 (S.D.N.Y. 2004) (denying a protective order barring public dissemination of the videotaped deposition of the defendant in light of, among other things, the public's interests in the subject matter of the litigation); *Flaherty v. Seroussi*, 209 F.R.D. 295 (N.D.N.Y. 2001) (denying a protective order barring public dissemination of the videotaped deposition of the defendant mayor). Notably, Defendants do not even attempt to make a particularized showing of good cause except with respect to the videotape of Detective Donnelly's deposition. But that videotape is already in the hands of the media — which is to say, the proverbial cat is already out of the bag. Moreover, Defendants themselves filed the full transcript of the deposition in connection with their motion for summary judgment. (Decl. of Shlomit Aroubas (Docket No. 147), Ex. E). And although a videotape may raise some concerns distinct from a transcript, especially in cases involving celebrities or salacious allegations, *see, e.g.*, *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007), the mere "fact that the media may edit [the] tape . . . does not warrant a protective order barring all public dissemination" particularly given the nature of the allegations in this case, *Condit*, 225 F.R.D. at 118.

Ultimately, Defendants have not made a sufficient showing that confidentiality of the relevant materials (some of which is already publicly available on the docket in this case) is necessary to protect Defendants from annoyance, embarrassment, oppression, or undue burden or expense, or required to

ensure a fair trial. Although the case has received some media attention, Defendants have not shown that that media attention has been, or is likely to be, so significant or prejudicial that confidentiality is required. And Defendants have certainly "not demonstrated that voir dire would be an insufficient cure." *Schiller v. City of New York*, No. 04 Civ. 7922 (KMK) (JCF) et al., 2007 WL 1299260, at *5 (S.D.N.Y. May 4, 2007); *see id.* ("'[T]he appropriate course to follow when the spectre of prejudicial publicity is raised is not automatically to deny access but to rely primarily on the curative device of voir dire examination . . . .'" (quoting *United States v. Criden*, 648 F.2d 814, 827 (3d Cir. 1981))).

    For the foregoing reasons, Defendants' motion is DENIED.

    SO ORDERED.

Dated: May 2, 2014  
       New York, New York

_____  
JESSE M. FURMAN  
United States District Judge