UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JESSENIA VAZQUEZ, *as Administrator of the Estate*                :
*of Israel Vasquez*,                                              :
                                                                  :
                                        Plaintiff,                :
                                                                  :
                        -v-                                       :
                                                                  :
CITY OF NEW YORK, et al.,                                         :
                                                                  :
                                        Defendants.               :
                                                                  :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2014

10-CV-6277 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

In a joint letter dated November 10, 2014, the parties joined issue over Plaintiff's demand

for thirteen documents (the "Documents") created in connection with witness interviews that the

Bronx District Attorney's Office conducted during the 2012-2013 reinvestigation of the murders

at issue in this civil rights case.  (Docket No. 208).[1]  Defendants maintain that the documents

constitute protected attorney work product.  (*Id.*).  Upon due consideration of the parties' joint

letter, counsels' arguments at the conference held yesterday, Plaintiff's supplemental letter filed

after the conference yesterday (Docket No. 210), and the documents at issue themselves (which

the Court reviewed *in camera*), Plaintiff's request is granted in part and denied in part.

Under the work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3),

materials "prepared by or at the behest of counsel in anticipation of litigation or for trial" are

entitled to qualified protection.  *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2,

2002*, 318 F.3d 379, 383 (2d Cir. 2003); *see* Fed R. Civ. P. 26(b)(3).  Although that Rule does

not apply here — because the Documents were created by non-parties — "the work-product

---

[1]      The letter refers to twenty-nine documents, but only thirteen of them are unique.

doctrine articulated in *Hickman* [*v. Taylor*, 329 U.S. 495 (1947),] and its progeny, which is broader than the protection supplied by Rule 26(b)(3)," does apply. *Crosby v. City of New York*, 269 F.R.D. 267, 277 (S.D.N.Y. 2010). Specifically, "[c]ourts have extended work-product protection to non-parties when [doing so] vindicated the purposes underlying the [*Hickman*] doctrine," including "protecting an attorney's ability to formulate legal theories and prepare cases, preventing opponents from 'free-loading' off their adversaries' work, and preventing interference with ongoing litigation." *Schomburg v. New York City Police Dep't*, 298 F.R.D. 138, 142-43 (S.D.N.Y. 2014) (internal quotation marks omitted).

 If a court determines that a document is attorney work product, it must next ask whether the document is "factual" work product, which is "subject to disclosure once plaintiff has demonstrated substantial need," *id.* at 143, or "core" work product that could reveal an attorney's mental process or legal strategy, which is "entitled to the highest protection afforded by law," *United States v. Jacques Dessange, Inc.*, No. 99-CR-1182 (DLC), 2000 WL 310345, at *3 (S.D.N.Y. Mar. 27, 2000). Further, because prosecutors in criminal cases in New York are required to disclose relevant witness statements to the defense, some courts in this district have held that *factual* work product created by prosecutors "with the expectation that defense attorneys may obtain them as [*People v.*] *Rosario* [, 9 N.Y.2d 286 (1961),] material" is not protected. *Schomburg*, 298 F.R.D. at 143; *see, e.g.*, *Abdell v. City of New York*, No. 05-CV-8453 (KMK) (JCF), 2006 WL 2664313, at *4-5 (S.D.N.Y. Sept. 14, 2006) (explaining that, where prosecutors "cannot know" at the time witness statements are recorded whether those statements will later have to be turned over in connection with a criminal trial, requiring the prosecutors "to turn over [the statements] during discovery in [subsequent] civil litigation will not alter their decisions about committing mental impressions to paper").

The decision whether notes and memoranda created in connection with witness interviews constitute protected work product "is highly individualized . . . and inevitably turns on the factual particulars of the case at bar." *Johnson v. Bryco Arms*, No. 02-CV-3029 (JBW), 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005). *Compare, e.g.*, *In re John Doe Corp.*, 675 F.2d 482, 493 (2d Cir. 1982) (finding that notes of employee interviews were factual work product because they "recite in a paraphrased, abbreviated form, statements by Employee A"), *with Jacques Dessange, Inc.*, 2000 WL 310345, at *3-4 (finding notes of witness interviews to be core work product). Moreover, a court must parse the contents of each document. If a particular document contains some factual work product and some core work product, and the requesting party demonstrates substantial need for the former, the proper course is to order disclosure of "factual content — such as statements of . . . witnesses — . . . but permit[] redaction of [counsels'] notations . . . that constitute[] core work product." *Crosby*, 269 F.R.D. at 278.

Applying the foregoing standards, and mindful of the fact that (1) when the Documents were created, the prosecutors involved had reason to believe that many of the Documents might eventually have to be disclosed in connection with either an evidentiary hearing or a criminal retrial, *see, e.g.*, *Crosby*, 269 F.R.D. at 278; *Abdell*, 2006 WL 2664313, at *5; (2) there is no risk of interfering with ongoing litigation because the underlying criminal cases are over, *see, e.g.*, *Crosby*, 269 F.R.D. at 278; (3) "[t]he potential economic vice of a less diligent attorney raiding the file of a previously diligent attorney is lacking" — or at least reduced — "in the context of a former criminal defendant, now plaintiff, seeking information from criminal files of a previous prosecution," *Doubleday v. Ruh*, 149 F.R.D. 601, 607 (E.D. Cal. 1993); *accord Crosby*, 269 F.R.D. at 278 & n.56; (4) "courts have regularly held that in cases of alleged police misconduct, plaintiffs have a substantial need to discover statements that the officers made to prosecutors,"

3

*Abdell*, 2006 WL 2664313, at *7; *see also Crosby*, 269 F.R.D. at 280 & n.69; and (5) courts have

ordered disclosure even where, as here, the relevant materials were not created in connection

with the initial investigation or prosecution, but in a later reinvestigation, *see, e.g.*, *Schomburg*,

298 F.R.D. at 143; *Crosby*, 269 F.R.D. at 280, the Court rules as follows:

| LOG NO(S). | RULING AND BRIEF RATIONALE |
|---|---|
| PRIV18 and PRIV138 | Defendants must disclose one or the other document, with core work product redacted.  The documents largely consist of statements made by Gilbert Vega, and thus constitute factual work product.  Further, in light of Vega's significance to the case and the fact that Plaintiff has and had limited access to him, Plaintiff has shown substantial need.  Defendants need not turn over both documents, however, as they are substantially duplicative; thus, if given access to either document, Plaintiff could not show substantial need for the other.  Moreover, turning over both documents could reveal the attorneys' thought processes insofar as it would reveal what counsel believed to be important and how counsel organized the material. |
| PRIV19 and PRIV145 | For substantially the same reasons, Defendants must disclose one or the other document, with core work product redacted. |
| PRIV21 and PRIV165 | For substantially the same reasons, Defendants must disclose one or the other document, with core work product redacted. |
| PRIV20 | Defendants need not disclose, as the document — involving a comparison of statements made by Vega and Jose Rodriguez — constitutes core work product in its entirety. |
| PRIV22 | Defendants must disclose, with core work product redacted.  The document includes statements made by Michael Donnelly, and thus constitutes factual work product.  Further, in part because Donnelly is a defendant in this action, Plaintiff has a substantial need for his statements.  *See Colon v. City of New York*, No. 12-CV-9205 (JMF), 2014 WL 3605543, at *3 (S.D.N.Y. July 8, 2014) (ordering disclosure of prior statements of a party); *Varuzza v. Bulk Materials, Inc.*, 169 F.R.D. 254, 257 (N.D.N.Y. 1996) (same). |

| LOG NO(S). | RULING AND BRIEF RATIONALE |
|---|---|
| PRIV23 | Defendants must disclose, with core work product redacted, as the document contains statements by an important witness to whom Plaintiff has and had limited or no access. |
| PRIV24 | Defendants must disclose, with core work product redacted, as the document contains statements by an important witness to whom Plaintiff has and had limited or no access. |
| PRIV25 | Defendants need not disclose because Plaintiff has not shown a substantial need for any factual work product.  The witness — an employee of the Office of the City Medical Examiner — was presumably available to Plaintiff and/or Plaintiff could have consulted a forensic expert of her own. |
| PRIV116 | Defendants need not disclose, as the document — a list of questions and a list of items that the interviewer appears to have found significant — constitutes core work product in its entirety. |
| PRIV163 | Defendants need not disclose, as the document — counsel's notes regarding Vega and Rodriguez and a to-do list — constitutes core work product in its entirety. |

Defendants shall make the productions required by this Memorandum Opinion and Order to Plaintiff **no later than November 17, 2014**, at **noon**.  If Plaintiff has any objections to any redactions, she shall advise the Court no later than **November 18, 2014**, at **noon** — but not before conferring with defense counsel in good faith in an effort to resolve the dispute.

SO ORDERED.

Dated: November 14, 2014
        New York, New York

JESSE M. FURMAN
United States District Judge